**Gui Song LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE and Attorney General Alberto Gonzales,\* Respondents.**

**No. 02–4855.**

United States Court of Appeals, Second Circuit.

May 19, 2005.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Mary E. Fleming, Assistant United States Attorney (Michael A. Battle, United States Attorney, Western District of New York, on the brief), Buffalo, NY, for Respondent.

Present: WALKER, Chief Judge, FEINBERG, and RAGGI, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals be and it hereby is **AFFIRMED** and the petition is **DENIED.**

Petitioner Gui Song Lin seeks review of an October 31, 2002, Board of Immigration Appeals ("BIA") order summarily affirming the June 14, 2000, decision of an immigration judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). In his petition, Lin argues that (1) the IJ misapplied the substantial evidence standard in finding that Lin had not presented sufficient credible evidence of past persecution or of a well-founded fear of future persecution that

---

\* Alberto Gonzales, the current Attorney General of the United States, is hereby substituted for his predecessor, John Ashcroft. *See* Fed. R.App. P. 43(c)(2).

would entitle him to receive asylum in the United States; (2) the IJ erred in considering documentary evidence and news articles; and (3) the IJ erred in considering his claim under CAT. Familiarity with the facts and procedural history is assumed. We affirm the BIA's decision and deny Lin's petition.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ's opinion directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings regarding eligibility for asylum and withholding of removal under a "substantial evidence" standard. *Zhang v. U.S. INS*, 386 F.3d 66, 73 (2d Cir.2004). Under this standard, such findings are "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *Id.* at 73 n. 7 (quoting 8 U.S.C. § 1252(b)(4)(B); noting that the statute codifies the substantial evidence standard of review). We accord "particular deference" to the IJ's credibility determinations. *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (internal quotation marks omitted).

The IJ rejected Lin's claims that his wife had been subjected to forced sterilization and past persecution, and that Lin, therefore, had a well-founded fear of future persecution. We affirm the BIA's order because we find that the IJ applied the correct legal standards and because the IJ's credibility determinations are supported by substantial evidence. In its decision, the IJ noted several significant inconsistencies in Lin's testimony and documentary evidence. For example, the sterilization certificate lists Lin's wife's last name as Li, whereas every other submitted document referred to her as Ma. The document purporting to correct this mistake was issued in November 1999— sixteen years after the sterilization alleg-

edly took place and after Lin entered the United States. Furthermore, no credible link between the sterilization certificate and his wife was offered. In addition, there were inconsistencies on Lin's daughter's notarial birth certificate, and conflicting testimony as to whether or not Lin's wife's parents were alive.

We do not review Lin's claim that he is entitled to relief under CAT because he did not raise that claim on appeal to the BIA and, therefore, failed to exhaust his administrative remedies. *See Theodoropoulos v. INS*, 358 F.3d 162, 173–74 (2d Cir.2002).

We have carefully considered Lin's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.